IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

06 DEC -4 PM 3: 59

| | |
|---|---|
| DUSA PHARMACEUTICALS, INC., <br> 25 Upton Drive, <br> Wilmington, Massachusetts 01887, <br><br> and <br><br> QUEEN'S UNIVERSITY, <br> 99 University Avenue, <br> Kingston, Ontario, K7L 3N6, Canada, <br><br> Plaintiffs, <br><br> v. <br><br> PHOTO THERAPEUTICS, LTD., <br> Station House, <br> Stamford New Road, <br> Altrincham, Cheshire, WA14 1EP, England, <br><br> PHOTO THERAPEUTICS GROUP, LTD., <br> Station House, <br> Stamford New Road, <br> Altrincham, Cheshire, WA14 1EP, England <br><br> PHOTO THERAPEUTICS, INC., <br> 26429 Rancho Parkway S., Ste. 115 <br> Lake Forest, California 92630, <br><br> ALDERM N.A. LLC, <br> 17951 Skypark Circle, Ste. G, <br> Irvine, California 92614, <br><br> R.L. BOYCE, INC., <br> 270 Pheasant Run, <br> Wadsworth, Ohio 44281, <br><br> and <br><br> RONALD L. BOYCE, <br> 270 Pheasant Run <br> Wadsworth, Ohio 44281, <br><br> Defendants. | Case No. **C2 06 1017** <br><br> Judge **JUDGE SMITH** <br><br> Magistrate Judge **MAGISTRATE JUDGE KING** <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **COMPLAINT** <br> **(Jury Demand Endorsed Hereon)** |

1

Plaintiffs Dusa Pharmaceuticals, Inc. ("Dusa") and Queen's University at Kingston ("Queen's University") (collectively "Plaintiffs") hereby allege the following for their Complaint against Defendants Photo Therapeutics, Ltd., Photo Therapeutics, Group, Ltd., Photo Therapeutics, Inc., Alderm N.A. LLC, R. L. Boyce, Inc. and Ronald L. Boyce (collectively "Defendants").

## JURISDICTION AND PARTIES

1. This is a civil action under 35 U.S.C. § 271 for inducing patent infringement of United States Patent Nos. 6,710,066 ("the '066 patent") and 5,955,490 ("the '490 patent").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1338(a).

3. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c).

4. Dusa is a corporation organized under the laws of the State of New Jersey having its principal place of business at 25 Upton Drive, Wilmington, MA 01887.

5. Queen's University is a public university registered in the province of Ontario and located in Kingston, Ontario, Canada.

6. Photo Therapeutics, Ltd. is a for profit corporation incorporated under the laws of England, having a regular and established place of business at Station House, Stamford New Road, Altrincham, Cheshire, WA14 1EP. It is a parent corporation of Photo Therapeutics Group, Ltd., which has a regular and established place of business at Station House, Stamford New Road, Altrincham, Cheshire, WA14 1EP, and of Photo Therapeutics, Inc., a California corporation which has a regular and established place of business at 26429 Rancho Parkway S., Ste. 115, Lake Forest, California 92630.

7. Alderm N.A. LLC is a California corporation having a regular and established place of business at 17951 Skypark Circle, Suite G, Irvine, California, 92614.

8. R.L. Boyce, Inc. is an Ohio corporation having a regular and established place of business at 270 Pheasant Run, Wadsworth, Ohio, 44281.

9. Ronald L. Boyce is a resident of Ohio located at 270 Pheasant Run, Wadsworth, Ohio, 44281.

10. Defendants, acting in concert, conduct business and have induced others to commit acts of patent infringement in this State and Judicial District, and a substantial part of the events giving rise to the claims occurred in this Judicial District.

## COUNT I
## CLAIM FOR INDUCEMENT OF INFRINGEMENT
## OF UNITED STATES PATENT NO. 6,710,066

11. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs as though fully set forth herein.

12. The '066 patent, entitled "Photochemotherapeutic Method Using 5-Aminolevulinic Acid and Other Precursors of Endogenous Porphyrins," was duly and lawfully granted on March 23, 2004, by the United States Patent and Trademark Office. The '066 patent is owned by Queen's University and is exclusively licensed to Dusa. A true and correct copy of United States Patent No. 6,710,066 is attached hereto as Exhibit 1.

13. Dusa, under its license from Queen's University, manufactures, offers for sale, and sells pharmaceutical compositions containing aminolevulinic acid under the trademark "Levulan®" for use in the treatment of actinic keratosis, as covered by the '066 patent.

14. Acting in concert, and with the purpose of advertising, marketing and selling light source technology that may be used within the method covered by the '066 patent, Defendants instruct others to use without license from Plaintiffs aminolevulinic acid for actinic keratosis

3

treatment as part of the patented method, and thereby actively induce others to infringe the '066 patent under 35 U.S.C. § 271(b).

15. Among other things, Defendants offer a document entitled "Omnilux Blue Breakthrough L.E.D. Technology" for the purpose of instructing and actively inducing others to use aminolevulinic acid for treatments of actinic keratosis in humans without license from Plaintiffs. This document contains Defendants' instructions for the use of aminolevulinic acid in photodynamic treatments of actinic keratosis in humans without license from Plaintiffs.

16. Defendants also use a document entitled "New Light-Only Clinically Proven Drugless Therapy for the Treatment of Acne" to instruct and actively induce others to use aminolevulinic acid for treatments of actinic keratosis in humans without license from Plaintiffs. This document contains Defendants' instructions for the use of aminolevulinic acid for use in photodynamic therapy treatments of human patients having actinic keratosis without license from Plaintiffs.

17. Defendants have further offered documents and other information instructing and actively inducing others to use aminolevulinic acid from Frontier Scientific, Inc. ("Frontier") in photodynamic treatment of actinic keratosis in humans with full knowledge that Frontier's aminolevulinic acid is labeled as "not for human use."

18. Upon information and belief, Defendants have offered documents and other information instructing and actively inducing others to use aminolevulinic acid in photodynamic treatment of actinic keratosis in humans without license from Plaintiffs.

19. Defendants' activities in inducing infringement of the '066 patent are knowing, willful and wanton under 35 U.S.C. § 284 and make this an exceptional case under 35 U.S.C. § 285.

## COUNT II
## CLAIM FOR INDUCEMENT OF INFRINGEMENT
## OF UNITED STATES PATENT NO. 5,955,490

20. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs as though fully set forth herein.

21. The '490 patent, entitled "Photochemotherapeutic Method Using 5-Aminolevulinic Acid and Other Precursors of Endogenous Porphyrins," was duly and lawfully granted on September 21, 1999, by the United States Patent and Trademark Office. The '490 patent is owned by Queen's University and is exclusively licensed to Dusa. A true and correct copy of United States Patent No. 5,955,490 is attached hereto as Exhibit 2.

22. Dusa, under its license from Queen's University, manufactures, offers for sale, and sells pharmaceutical compositions containing aminolevulinic acid under the trademark "Levulan®" for use in the treatment of acne, as covered by the '490 patent.

23. Acting in concert, and with the purpose of advertising, marketing and selling light source technology that may be used within the patented method, Defendants instruct others to use without license from Plaintiffs aminolevulinic acid for treatment of the human condition of acne within the method covered by the '490 patent, and thereby actively induce others to infringe the '490 patent under 35 U.S.C. § 271(b).

24. Among other things, Defendants offer a document entitled "Omnilux Blue Breakthrough L.E.D. Technology" for the purpose of instructing and actively inducing others to use aminolevulinic acid for treatments of acne in humans without license from Plaintiffs. This document contains Defendants' instructions for the use of aminolevulinic acid in photodynamic treatments of acne in humans without license from Plaintiffs.

5

25. Defendants use a document entitled "New Light-Only Clinically Proven Drugless Therapy for the Treatment of Acne" to instruct and actively induce others to use aminolevulinic acid for treatments of acne in humans without license from Plaintiffs. This document contains Defendants' instructions for the use of aminolevulinic acid in photodynamic therapy treatments of human patients having acne without license from Plaintiffs.

26. Defendants also offer a document entitled "Mixing Directions for Preparing a 5% (or greater) ALA Solution for Acne & Skin Rejuvenation Use" for the purpose of instructing and actively inducing others to use aminolevulinic acid for treatments of acne in humans without license from Plaintiffs. This document contains Defendants' instructions for use of aminolevulinic acid for use in photodynamic therapy treatments of human patients having acne without license from Plaintiffs.

27. Defendants have further offered documents and other information instructing and actively inducing others to use aminolevulinic acid from Frontier in photodynamic treatment of acne in humans with full knowledge that Frontier's aminolevulinic acid is labeled as "not for human use."

28. Upon information and belief, Defendants have offered documents and other information instructing and actively inducing others to use aminolevulinic acid in the photodynamic treatment of acne in humans without license from Plaintiffs.

29. Defendants' activities in inducing infringement of the '490 patent are knowing, willful and wanton under 35 U.S.C. § 284 and make this an exceptional case under 35 U.S.C. § 285.

6

WHEREFORE, Plaintiffs pray that:

(a)  Defendants, jointly and severally, be preliminarily and permanently enjoined from actively inducing others to infringe United States Patent No. 6,710,066;

(b)  Defendants, jointly and severally, be preliminarily and permanently enjoined from actively inducing others to infringe United States Patent No. 5,955,490;

(c)  Defendants, jointly and severally, be ordered to pay compensatory damages as a result of their actively inducing infringement of United States Patent No. 6,710,066, including all damages suffered by Plaintiffs as a result of the infringement, increased by three times for willful behavior;

(d)  Defendants, jointly and severally, be ordered to pay compensatory damages as a result of their actively inducing infringement of United States Patent No. 5,955,490, including all damages suffered by Plaintiffs as a result of the infringement, increased by three times for willful behavior;

(e)  Plaintiffs be awarded their costs, expenses and fees, including reasonable attorney's fees pursuant to 35 U.S.C. § 285, of this action, plus pre-judgment and post-judgment interest at the lawful rate; and

(f)   Plaintiffs be awarded such other relief to which they are entitled at law or in equity, as the Court shall deem appropriate.

Respectfully submitted,

Dated: December __04__, 2006

*[signature]*

William A. Sieck, Trial Attorney (0071813)
Jonathan P. Corwin (0075056)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street, PO Box 1008
Columbus, Ohio  43216-1008
Phone:(614) 464-5406
Facsimile:  (614) 719-5299
E-mail:  wasieck@vssp.com
E-mail:  jpcorwin@vssp.com
*Attorneys for Plaintiffs*

**Of Counsel:**
William J. McNichol, Jr.
Valerie Brand Pipano
Shannon Elise McClure
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Phone: (215) 851-8100
Facsimile:  (215) 851-1420
E-Mail:  wmcnichol@reedsmith.com
E-Mail:  vpipano@reedsmith.com
E-Mail:  smcclure@reedsmith.com

**JURY DEMAND**

Plaintiffs demand a trial by jury of all issues triable of right by a jury.

*[signature]*

William A. Sieck, Trial Attorney (0071813)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street, PO Box 1008
Columbus, Ohio  43216-1008
Phone:(614) 464-5406
Facsimile:  (614) 719-5299
E-mail:  wasieck@vssp.com

8